WALLACE, Senior Circuit Judge,
concurring in all but Part III.B.3.d. of Judge BYBEE’s opinion and concurring in the judgment:
I concur in the opinion and judgment and I join the excellent analysis in all sections except Part III.B.3.d. I do not join in the negative speculation that Loughner’s staff representative, John Getehell, was unqualified or that Getchell’s performance was procedurally defective.
Judge Bybee suggests that Getehell, a Licensed Clinical Social Worker, might not “understand[ ] the psychiatric issues involved” in medicating Loughner sufficiently to satisfy Washington v. Harper, 494 U.S. 210, 236, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) and qualify as a staff representative under 28 C.F.R. § 549.46(a)(3). See *773 Opinion at 762. This suggestion is made with nothing in the record to support it.
But a more basic question is why is this suggestion in the opinion at all? The sufficiency of Getchell’s understanding was never raised by Loughner. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999) (“[0]n appeal, arguments not raised by a party in its opening brief are deemed waived”).
Furthermore, I do not join in viewing the dearth of record on Getchell’s qualifications to support the possibility of sending this case back to the district court. Instead, I would view it as a reason to affirm because it means that Loughner has not met his burden to show the arbitrariness of the Bureau of Prison’s decision. See Part III.B.3 (describing standard of review).
Judge Bybee also suggests that Getchell’s representation might have been procedurally defective because he did not present affirmative evidence or question any of the evidence in support of involuntary medication. See Opinion at 763-64. This suggestion that Getchell’s performance was flawed for not acting more like an advocate follows from Judge Bybee’s labeling a Harper hearing as “adversarial.” See Opinion at 763. I disagree with his analysis on this issue because, whatever label is given to Harper hearings, Harper itself requires no more than “the provision of an independent lay adviser who understands the psychiatric issues involved.” 494 U.S. at 236, 110 S.Ct. 1028. There is no record evidence this standard was not met. There is nothing in Harper giving the adviser a duty to act as an advocate in the traditional adversarial sense. Nor does 28 C.F.R. § 549.46 require the staff representative to seek affirmatively to develop evidence in the inmate’s favor. See 28 C.F.R. § 549.46(a)(3) (inmate may “request that witnesses be questioned by the staff representative”) (emphasis added). The standard for this administrative hearing has been set by Congress. Supreme Court cases have not expanded this standard. Why should this court tamper with it?
The basis of the tampering is questionable. I disagree with Judge Bybee’s categorization of a Harper hearing as “adversarial” rather than “inquisitorial” to the extent the categorization is used to support a due process requirement for a staff representative to act as an adversarial advocate. As he recognized, “[w]hat makes a system adversarial rather than inquisitorial is not the presence of counsel ... but rather, the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of facts and arguments pro and con adduced by the parties.” McNeil v. Wisconsin, 501 U.S. 171, 181, n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). In Loughner’s Harper hearings, the presiding psychiatrist, Dr. Tomelleri, acted as an inquisitor. Dr. Tomelleri interviewed and observed Loughner and used the interviews as a basis for his decisions. Loughner could have requested that any other witnesses be questioned by the Dr. Tomelleri. See 28 C.F.R. § 549.46(a)(3).
That a Harper hearing involves overcoming a person’s desires with respect to a significant liberty interest does not require that the proceeding be an adversarial hearing with an advocate-representative. In Wolff v. McDonnell, the Supreme Court did not impose a right to counsel in connection with prison disciplinary proceedings, even where good time credits are at stake, because “[t]he insertion of counsel into the disciplinary process would inevitably give the proceedings a more adversary cast and tend to reduce their utility as a means to further correctional goals.” 418 *774 U.S. 539, 570, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In Parham v. J.R., the Supreme Court did not require a hearing when a staff physician determines whether a child may be voluntarily committed to a state mental institution by his parents. 442 U.S. 584, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979). The Court permitted the use of “informal traditional medical investigative techniques,” in part, because “[w]hat is best for a child is an individual medical decision that must be left to the judgment of physicians in each case.” Id. at 607-08, 99 S.Ct. 2493. The Court was also concerned that an adversarial hearing might pose a danger “for significant intrusion into the parent-child relationship” and might “exacerbate whatever tensions already exist between the child and the parents” to the detriment of “the successful long-range treatment of the patient.” Id. at 610, 99 S.Ct. 2493. Similar concerns are present in this case: a Harper hearing is aimed at reaching a medical judgment, see Part III.B.2.C., and to require the hearing to become more adversarial might well intrude into the doctor-patient relationship to the detriment of Loughner’s long-range treatment.
The basis for recasting the role of the staff representative into an attorney-like advocate appears to come from a “hometown” preference or, as Judge Bybee puts it: “[wjithin our traditions.” Opinion at 763. There are two problems with this approach. First, the vast majority of countries use the “inquisitorial” or “civil” trial practices to ascertain truth. We are used to our hometown process, but that does not make the vast majority of court systems wrong or inadequate.
Second, there is no argument in Judge Bybee’s opinion that the inquisitorial method is unconventional. Indeed, he identifies areas of significant importance where the inquisitorial or civil method is effectively used in our country. See Opinion at 762.
In any event, this case does not give us free rein to design from scratch whatever procedures we think would be best for the Bureau of Prisons to follow. Instead, we are required to give substantial deference to the penological regulations already in existence. See Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (“Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security”). Judge Berzon’s dissent never acknowledges this principle, and none of the cases she relies on actually hold that due process requires more than compliance with existing regulations. See United States v. Morgan, 193 F.3d 252, 253 (4th Cir.1999) (remanding for factual findings as to whether the staff representative had the education and experience required by regulation); United States v. Humphreys, 148 F.Supp.2d 949, 953 (D.S.D.2001) (requiring a representative “that will more fully comply with the due process requirements of section 549.43”); United States v. Weston, 55 F.Supp.2d 23, 26-27 (D.D.C.1999) (remanding to Bureau of Prisons because of non-compliance with a court order and prison regulations). There is no reason to depart from the regulations and impose additional requirements on the conduct of a staff representative.
Here, the standards of Harper and 28 C.F.R. § 549.46 have been met. Getchell explained Loughner’s rights to him and presented him the opportunity to answer any questions about the process; Getchell was present at the Harper hearings; Getchell encouraged Loughner to participate despite his initial reluctance; and twice *775 Getchell appealed on Loughner’s behalf. There is no evidence that Getchell was unable or unwilling to provide any assistance requested by Loughner or his attorneys at the time of the Harper III hearing. Not one piece of evidence is before this court that Getchell was unqualified to perform the task identified in the governing statute. No wonder Loughner did not raise that issue on appeal.
I need not get to the harmless error analysis, but I agree that any imagined error would be harmless. Thus, I join in that holding. My division from Judge By-bee is that no error was shown and any consideration of an imagined error would be inappropriate. Because Harper and 28 C.F.R. § 549.46 do not provide a right for the type of advocate-representative that Loughner now seeks, there was no Constitutional deficiency in Getchell’s performance.